IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60319
Conference Calendar
_____

MONDAY OSAWARU OGBEBOR, also known as Emanuel Duro,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

--------------------

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A26 416 581

--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Monday Osawaru Ogbebor petitions this court for review of an order of deportation issued by the Immigration Judge ("IJ") and affirmed by the Board of Immigration Appeals ("BIA").  The deportation order was based on Ogbebor's conviction of fraud or misuse of entry documents in violation of 18 U.S.C. § 1546(a). Ogbebor argues that the BIA abused its discretion in affirming the IJ's denial of his motion for a third continuance to appeal to the BIA the District Director's decision on remand denying his putative wife's petition for alien relative.  Ogbebor was granted

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

two continuances while the petition was pending initially before the District Director, during the appeal to the BIA, and on remand to the District Director to allow Ogbebor's putative wife to rebut evidence that Ogbebor had a prior undissolved marriage. On remand, the District Director denied the petition for alien relative again. Because he has not shown that his putative wife's petition for alien relative was prima facie approvable or that he presented good cause to the IJ for a third continuance, Ogbebor has not shown that the BIA abused its discretion in affirming the IJ's denial of his motion for a third continuance of his deportation proceedings. See Witter v. INS, 113 F.3d 549, 555 (5th Cir. 1997), petition for cert. filed, 68 U.S.L.W. 3252 (U.S. Sept. 30, 1999)(No. 99-56). Ogbebor has also not shown that he was prejudiced by the denial of a continuance; he has not shown that the BIA is likely to reverse the District Director's denial of his putative wife's petition for alien relative, and he has conceded his deportability and that he is not entitled to any relief from deportation. See In re Sibrun, 18 I & N Dec. 354, 356-57 (BIA 1983). Because Ogbebor has not shown that the BIA abused its discretion in affirming the IJ's denial of his motion for a third continuance, Ogbebor's petition is DENIED.

PETITION FOR REVIEW DENIED.