**JIN YIN ZHENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, & Immigration and Naturalization Services, Respondents.**

No. 05–5294–ag.

United States Court of Appeals, Second Circuit.

Aug. 10, 2006.

Jin Yin Zheng, pro se, Elmhurst, New York, for Petitioner.

Michael G. Heavican, United States Attorney, Christian A. Martinez, Assistant United States Attorney, Omaha, Nebraska, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Jin Yin Zheng, *pro se*, petitions for review of the BIA decision summarily affirming Immigration Judge ("IJ") Adam Opaciuch's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews *de novo* questions of law regarding "what evidence will suffice to carry any asylum applicant's burden of proof." *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003). This Court reviews agency findings of fact under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ As an initial matter, we reject the Government's request for summary denial based on Zheng's failure to comply with the Federal Rules of Appellate Procedure regarding briefs. This Court construes *pro se* litigants' briefs liberally, reading such submissions to raise the strongest arguments they suggest. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994). In light of this doctrine of liberal construction, the fact that Zheng's brief does not strictly comport with the Federal Rules of Appellate Procedure is not an appropriate basis for summary denial of his petition for review.

■ On the merits, however, Zheng's petition fails, because the IJ's adverse credibility determination is substantially supported by the record as whole. The IJ was reasonable in determining that Zheng's failure to mention his wife's alleged forced sterilization in his airport interview and credible fear interviews was detrimental to his credibility. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004). The IJ was also reasonable in focusing on Zheng's failure to mention his wife's sterilization in his asylum application as a substantial inconsistency, because it is the central element of his claim of persecution. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003). The IJ justifiably refused to accept Zheng's lawyer-error explanation and reasonably used the omission as a basis for his negative credibility determination. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005). He also reasonably found that certain inconsistencies between Zheng's testimony and the letters submitted by his wife and mother further undermined Zheng's credibility. Finally, the IJ was reasonable in requiring documentation of Zheng's wife's sterilization, as his claim had already been called into question by his failure to mention such sterilization in his airport and credible fear interviews as well as his asylum application. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 164 (2d Cir.2006). Because the lack of corroboration was combined with other, proper adverse credibility factors, the IJ appropriately relied on Zheng's failure to present contemporaneous corroborating evidence in finding him not to be credible.

Additionally, there is no evidence of record, nor does Zheng cite to any such evidence, demonstrating that individuals who illegally depart China are perceived by the Chinese government as having a political opinion or being members of a particular social group (or falling within any of the other protected grounds). The IJ was therefore reasonable in concluding that Zheng was not likely to be persecuted on account of one of the protected grounds due to his illegal departure from China. *See Matter of Sibrun*, 18 I. & N. Dec. 354, 359, 1983 WL 183240 (BIA 1983).

Because Zheng was unable to establish a credible claim of past persecution or show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003). As there is no evidence in the record indicating that Zheng would likely be tortured upon return to China, the IJ's denial of CAT relief was also appropriate.

For the foregoing reasons, the petition for review is DENIED. Zheng's pending motion for a stay of removal in this petition is DENIED as moot.