**FEI JIANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

No. 03–40068–ag.

United States Court of Appeals, Second Circuit.

Sept. 6, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Robert J. Adinolfi, New York, NY, for Petitioner.

Richard B. Roper, United States Attorney for the Northern District of Texas, Megan J. Fahey, Assistant United States Attorney, Fort Worth, TX, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Fei Jiang, a native and citizen of China, seeks review of a May 29, 2003 order of the BIA affirming the December 14, 2001 decision of Immigration Judge ("IJ") John Opaciuch denying petitioner's application for relief under the Convention Against Torture ("CAT"). *In Re Fei Jiang,* No. A73 181 012 (B.I.A. May 29, 2003), *aff'g* No. A73 181 012 (Immig. Ct. N.Y. City Dec. 14, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled on other grounds by Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See, e.g., Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 404–06 (2d Cir.2005).

Jiang's claim centers around his assertion that the Chinese government would torture him for leaving the country without permission. Jiang argues that his brother's arrest is evidence that he will also face torture for illegally departing China. However, as the IJ noted, what happened to Jiang's brother is not probative with respect to Jiang's claim. Although Jiang's brother was allegedly arrested while attempting to leave China illegally, it appears that he was harmed only after he refused to cooperate with the authorities

regarding the identities of the smugglers he used. It is unclear to what extent Jiang's brother suffered harm due to his attempted illegal departure. Thus, it was not unreasonable for the IJ to find that this testimony had only limited relevance because Jiang and his brother were not similarly situated. *See, e.g., Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999).

In support of his assertion that the Chinese government tortures individuals who left China illegally, Jiang submitted the 1998 Profile of Asylum Claims from the State Department. However, as the IJ noted, the Profile indicates that the most severe forms of punishment for individuals who left China illegally consist of fines and perhaps detention in a re-education camp. The Profile only identifies organizers of illegal migrant trafficking as individuals likely to be subject to criminal prosecution. The only other evidence of country conditions in China is a document issued by the Immigration and Refugee Board in Canada. This report, like the Profile, does not support Jiang's assertion that returning Chinese citizens who left illegally are subject to torture. Indeed, the report states that "[m]uch touted policies and prison sentences and extensive reeducation programs are apparently mostly not implemented."

We have held that the type of evidence Jiang presented is insufficient to compel a finding that a particular alien is likely to be tortured upon return to China. *See, e.g., Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–61 (2d Cir.2005); *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003). Although we acknowledge that "Chinese law does indeed allow for imposition of a sentence of imprisonment on a person who illegally departs the country," *Cao He Lin,* 428 F.3d at 407, "punishment for violation of a generally applicable criminal law is not perse-

cution." *Matter of Sibrun,* 18 I. & N. Dec. 354, 359 (BIA 1983). *See also Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992). Accordingly, we agree with the IJ that Jiang failed to submit sufficient evidence of the conditions in China to prove that he, in particular, would likely face torture upon return to China.

Jiang argues that it was error for the agency to rely on the Canadian document in light of this Court's decision in *Zhen Nan Lin v. U.S. Dep't of Justice,* 459 F.3d 255 (2d Cir.2006). However, Jiang's arguments are without merit. First, unlike the consular report in *Zhen Nan Lin,* the Canadian report here does not address Jiang's particular circumstances and serves only as evidence of general country conditions in China. *See* 459 F.3d at 260. Second, unlike in *Zhen Nan Lin,* neither the IJ or the BIA here used the Canadian report to find the testimony of Jiang not credible. *Id.* at 261. Rather, the IJ found that this evidence of country conditions contradicted Jiang's assertions. Based on the information in the record, we conclude that substantial evidence supports the IJ's determination that Jiang failed to prove that he would likely be tortured for illegally departing China.

While Jiang further contends that his proceedings were flawed because the IJ and the government attorney failed to adequately develop the record, this argument is plainly without merit as the initial burden to prove eligibility for CAT relief lies on the applicant. *See* 8 C.F.R. § 208.16(c)(2). Jiang also attempts to implicate his prior attorney for failing to provide sufficient evidence of country conditions. However, he has never filed an ineffective assistance of counsel claim before the agency, and we are unable to review any such claim in the first instance. 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED.