**HE LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Peter D. Keisler,[1] Acting Attorney General, Respondent.**

No. 07–0733–ag.

United States Court of Appeals, Second Circuit.

Sept. 27, 2007.

1. Pursuant to Federal Rule of Appellate Pro-      cedure 43(c)(2), Acting Attorney General Pe-

Yee Ling Poon, Robert Duk–Hwan Kim (on the brief), New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Lisa Arnold, Senior Litigation Counsel, Jennifer Keeney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

ter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Petitioner He Lin, a native and citizen of China, seeks review of the February 16, 2007 order of the BIA affirming the August 23, 2005 decision of Immigration Judge ("IJ") Sarah Burr, denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re He Lin,* No. A97 959 001 (B.I.A. Feb. 16, 2007), *aff'g* No. A97 959 001 (Immig. Ct. N.Y. City, Aug. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 304–05 (2d Cir.2007) (en banc).

Lin does not dispute the agency's finding that he did not suffer past persecution; rather, he argues that he established a well-founded fear of future persecution. To establish asylum eligibility based on

as a respondent in this case.

future persecution, an applicant must show that he subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). A fear is objectively reasonable "even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS,* 232 F.3d 279, 284 (2d Cir. 2000) (citation omitted). On the other hand, a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005).

Regarding Lin's fear of persecution based on a possible future violation of China's family planning policy, the agency properly found that there is no evidence in the record to show that his fear is anything other than hypothetical. The BIA properly noted that Lin's claim is dependent upon numerous assumptions, namely that he will marry, that he will have more children than the Chinese family planning policy permits, and that Chinese authorities will seek to enforce the policy by subjecting him to penalties rising to the level of persecution. As such, his fear of persecution lacks "solid support" in the record and is merely "speculative at best." *Id.*; *but cf. Rui Ying Lin v. Gonzales,* 445 F.3d 127, 135–36 (2d Cir.2006).

Lin also argues that the Chinese government will impute an anti-government opinion to him based on his illegal departure and will persecute him accordingly. However, as the IJ noted, there is no evidence to suggest that Lin left China illegally. Rather, Lin testified that he used his own passport and that it was stamped upon his exit by Chinese officials. Furthermore, the BIA has held that the fact that a country may punish a citizen for an illegal departure does not generally qualify an alien for refugee protection. *See, e.g., Matter of Sibrun,* 18 I. & N. Dec. 354, 359 (BIA 1983). Even if Lin relied on smug-glers at some point during his journey to the U.S., he failed to present evidence or testimony showing that the Chinese government imputes a political opinion to its citizens who leave the country in that manner, or that such individuals are subjected to harm rising to the level of persecution. Accordingly, Lin has failed to show that there is a discernible chance of persecution on account of his illegal departure. *See Diallo,* 232 F.3d at 284. Therefore, the agency properly denied Lin's asylum claim.

Because Lin was unable to show the objective likelihood of persecution needed to support an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

The agency also properly denied Lin's CAT claim. To qualify for CAT relief, an applicant must show that he or she would more likely than not be tortured by, or with the acquiescence of, government officials acting in an official capacity. *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159 (2d Cir.2005) (citing *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 133–34 (2d Cir. 2003)). Lin argues that if returned to China, he will likely be detained and tortured because of his illegal departure. Notwithstanding the fact that it is unclear whether Lin left China illegally, he failed to establish that an individual in his particular circumstances would more likely than not be tortured by or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity. *See Mu–Xing Wang,* 320 F.3d at 143–44. Accordingly, Lin has failed to establish a clear probability of torture based on his illegal departure. *See id.*; *Mu Xiang Lin,* 432 F.3d at 159.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).