**JI DING HUANG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–2654–ag.**

United States Court of Appeals, Second Circuit.

Jan. 9, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Ji Ding Huang, New York, NY, pro se.

Peter D. Keisler, Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; John W. Blakeley, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ji Ding Huang, a native and citizen of the People's Republic of China, seeks review of a May 22, 2007 order of the BIA affirming the May 11, 2005 decision of Immigration Judge ("IJ") Douglas B. Schoppert, denying Huang's application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). *In re Ji Ding Huang,* No. A97 897 570 (B.I.A. May 22, 2007), *aff'g* No. A97 897 570 (Immig. Ct. N.Y. City May 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. U.S. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (*en banc* ).

We conclude that the agency's finding that Huang failed to meet his burden of proof to establish his claims for asylum, withholding of removal, and relief under CAT is supported by the record. Following this Court's remand to the BIA, the BIA analyzed Huang's allegations with respect to his illegal departure from China and potential retribution from smugglers or loan sharks in light of our holding in *Sovich v. Esperdy,* 319 F.2d 21, 29 (2d Cir.1963) (holding that "long years of imprisonment, perhaps even life imprisonment, for attempting to escape a cruel dictatorship" may rise to the level of persecution). As to Huang's risk of persecution or torture on account of his illegal departure, the BIA considered the record evidence, which consisted primarily of background documents about torture in China as well as human rights reports by the State Department and Amnesty International, and found that Huang had "failed to provide any evidence that he personally would face a disproportionately severe

penalty for illegal departure or that he would be tortured or imprisoned." [2]

With respect to Huang's claim for asylum, the BIA did not err in finding that Huang's lack of particularized evidence that he personally faced harm was fatal to his claim. The BIA has held that, in order to establish an objectively reasonable fear of persecution, the evidence must show "the likelihood of persecution *to this particular alien,* sufficient to establish a well-founded fear of persecution." *See Matter of Sibrun,* 18 I. & N. Dec. 354, 359 (BIA 1983) (emphasis added). We have held that a fear of persecution is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. U.S. INS,* 421 F.3d 125, 129 (2d Cir.2005). Because there is nothing in the record to demonstrate that Huang's fear of severe mistreatment is objectively reasonable, the agency's finding that he did not meet his burden for establishing a claim for asylum was not in error. *See Jian Xing Huang,* 421 F.3d at 129; *Matter of Sibrun,* 18 I. & N. Dec. 354, 358 (BIA 1983) ("The alien must demonstrate a likelihood that he individually will be singled out and subjected to persecution.").

The BIA further found that Huang had "failed to submit any evidence that he specifically would be harmed by any loan sharks or smugglers acting in collusion with the Chinese government." Indeed, the only evidence Huang presented on this issue was a letter from his parents in which they claimed that, without Huang's income, "[t]he loan sharks will force [their] family to the dead end." Because Huang

did not provide evidence of a specific threat of persecution or torture at the hands of smugglers or loan sharks, his claim is speculative, and the BIA properly found that he had not met his burden of proof. *See id.*

Huang argues that the BIA applied an improper legal standard in requiring him to show that loan sharks and smugglers act "in collusion with the Chinese government." However, the BIA faulted Huang for failing to provide any evidence that he would be harmed by loan sharks or smugglers acting "in collusion with the Chinese government" in response to Huang's specific allegation that "government officials actually collaborate with the loan sharks and make a lot of money from them." The dispositive basis for the agency's denial of relief was that Huang "failed to submit any evidence that he specifically would be harmed." Because that finding was not in error, the agency's denial of asylum was proper.[3] *See id.*

Because Huang was unable to show the objective likelihood of persecution needed to establish an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir.1991). Additionally, Huang's CAT claim must necessarily fail where it is predicated upon the same facts. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005) (finding that a petitioner is not "entitled to CAT protection based solely on the fact that she is part of the large

---

**2.** While Huang argues that the BIA's consideration of these documents constituted improper fact-finding, it is well established that the BIA has the authority to review record evidence to evaluate its sufficiency. *See Xian Tuan Ye v. Department of Homeland Security,* 446 F.3d 289, 296 (2d Cir.2006).

**3.** Because Huang fails to make any argument before this Court as to his family planning claim, that claim is considered waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

class of persons who have illegally departed China"); *Lin v. U.S. Dep't of Justice,* 432 F.3d 156, (2d Cir.2005) (holding that documents showing that some Chinese prisoners have been tortured is insufficient for relief under CAT without "additional particularized evidence to support [petitioner's] claim" that she would be tortured in prison on account of her illegal emigration).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.