**GUO HUA GAO, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondents.**

No. 07–1279–ag.

United States Court of Appeals, Second Circuit.

Feb. 6, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Yee Ling Poon (Robert Duk–Hwan Kim, on the brief), New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Jeffrey J. Bernstein, Senior Litigation Counsel, Rebecca A. Niburg, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, District of Columbia, for Respondents.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Circuit Judges.[2]

### SUMMARY ORDER

Petitioner Guo Hua Gao, a native and citizen of China, seeks review of the March 12, 2007 order of the BIA affirming the August 8, 2005 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guo Hua Gao*, No. A77–977–447 (B.I.A. Mar. 12, 2007), *aff'g* No. A77–977–447 (Immig. Ct. N.Y. City Aug. 8, 2005).

We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Iouri v. Ashcroft*, 487 F.3d 76, 81 (2d Cir.2007) (quoting section 1252(b)(4)(B)); *see also Gjolaj v. BCIS*, 468 F.3d 140, 143 (2d Cir.2006) (reviewing the question of nexus for substantial evidence).

■ Our review of the record leads us to conclude that substantial evidence supports the agency's determination that Gao did not demonstrate that he would face persecution on account of a protected ground. In addition to showing past persecution or a well-founded fear, asylum eligibility requires that the persecution alleged be on account of the applicant's race, religion, nationality, political opinion, or particular social group. 8 U.S.C. § 1101(a)(42). Gao is not and never claimed to be a Falun Gong practitioner.

Even if Gao had proven that the government thought he had a pro-Falun Gong stance, he did not demonstrate a well-founded fear of persecution on that basis. As the agency found, it is significant that Gao's parents, who were similarly situated

**2.** Circuit Judge Thomas J. Meskill, a member of this panel, passed away before he could consider this petition. The remaining members of the panel, who are in agreement, have ruled on the petition and issued this order pursuant to Second Circuit Local Rule 0.14(b).

to Gao, have not experienced any harm at the hands of the authorities. The agency did not err in relying on his parents' experience to support its finding that Gao failed to show a reasonable fear of future persecution. *See, e.g., Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999); *Matter of A–E–M–,* 21 I. & N. Dec. 1157, 1160 (BIA 1998).

■ Substantial evidence also supports the agency's finding that Gao's alleged illegal departure from China does not give rise to an objectively reasonable fear of persecution on account of a protected ground. As the IJ noted, there is no evidence to suggest that Gao left China illegally. Even if there was, the fact that a country may punish a citizen for his illegal departure does not generally qualify an alien for refugee protection. *See Matter of Sibrun,* 18 I. & N. Dec. 354, 359 (BIA 1983). Gao states in his application that he was "smuggled to the U.S." However, he fails to present any evidence showing that the Chinese government imputes a political opinion to its citizens who leave the country in that manner, or that such individuals are subjected to harm rising to the level of persecution. Therefore, we do not disturb the agency's denial of Gao's application for asylum or withholding of removal, where both were based upon the same factual predicate. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003).

Gao also argues that the agency erred in denying his CAT claim because he met his burden of proof for that relief. Unlike asylum and withholding of removal, an applicant for CAT relief need not show that his claimed fear bears a nexus to a protected ground. 8 C.F.R. §§ 1208.16, 1208.17. However, Gao fails to point to any evidence that someone in his particular circumstances will more likely than not face torture in China on the basis of having

departed illegally. *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005); *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003). Accordingly, the agency's denial of Gao's CAT claim was also supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.