**XIAO HONG GUO, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 04–4970–ag.**

United States Court of Appeals, Second Circuit.

March 6, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

mer Attorney General Alberto R. Gonzales as a respondent in this case.

Lin Li, New York, NY, for Petitioner.

Glenn T. Suddaby, United States Attorney; Elizabeth S. Riker, Assistant United States Attorney, Syracuse, NY, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Hong Guo, a native and citizen of the People's Republic of China, seeks review of an August 31, 2004 order of the BIA affirming the July 23, 2003 decision of Immigration Judge ("IJ") Gabriel C. Videla denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Hong Guo*, No. A79 682 227 (B.I.A. Aug. 31, 2004), *aff'g* No. A79 682 227 (Immig. Ct. N.Y. City July 23, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Where the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). However, when the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, *i.e.*, "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA agreed with the IJ that Guo had not carried her burden of proof, but made no mention of the IJ's adverse credibility determination. Thus, it is unclear whether the BIA adopted the IJ's adverse credibility finding. In such circumstances, we assume the applicant's credibility for purposes of our decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir. 2005) (assuming, without determining, an applicant's credibility for purposes of reviewing the BIA's decision).

This Court reviews legal issues, and the application of law to fact, *de novo. See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ Our review of the record leads us to conclude that the denial of relief in this case was supported by substantial evidence. The IJ and the BIA properly concluded that Guo did not establish a well-founded fear of persecution. Guo argues in her brief that she will be subject to "pregnancy checkups and IUD insertion" if she returns to China. However, as the IJ found, her arguments in this respect were "merely speculative," where she had only one child and failed to produce any evidence that similarly situated persons are persecuted under China's family planning policy. In a similar context, this Court has held that if a petitioner claims that she will face sterilization in China, but has only one child, such claim of fear of persecution may appropriately be considered "speculative." *Jian Xing Huang v. INS*, 421 F.3d 125, 128–29 (2d Cir.2005).

■ The IJ also properly found that Guo did not present evidence establishing her eligibility for asylum or withholding of

removal based on her illegal departure from China.[2] As the IJ found, punishment for illegal departure by the Chinese government does not "rise to the level of persecution" in the absence of evidence that authorities are motivated by anything other than law enforcement. *See Matter of Sibrun,* 18 I. & N. Dec. 354, 359 (BIA 1983) (criminal prosecution and punishment for illegal departure do not constitute persecution in the absence of evidence that the authorities have a motive other than law enforcement for such prosecution); *see also Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992) ("[P]unishment for violation of a generally applicable criminal law is not persecution.").

■ With respect to Guo's CAT claim, this Court has concluded that evidence that some individuals who left China illegally are imprisoned, and that human rights violations including torture occur in Chinese prisons, is insufficient to establish a clear probability of torture for a particular illegal emigrant. *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005); *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003). Here, without particularized evidence other than Guo's assertion that a relative was detained and beaten after repatriation, the agency did not err in finding that she failed to carry her burden of establishing a likelihood of torture. *See Mu Xiang Lin,* 432 F.3d at 160.

For the foregoing reasons, the petition for review is DENIED. The pending mo-

tion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** To the extent Guo attempts to present new evidence on appeal, regarding China's treatment of those who have departed the country illegally, we decline to consider such evidence. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260 (2d Cir.2007); 8 U.S.C. § 1252(b)(4)(A).

