In the Matter of **SALES TAX ASSESS-
MENT NO. 50030 against Mead & Sons,
Inc., of Worland, Wyoming.**

**MEAD & SONS, INC., Appellant
(Petitioner below),**

v.

**DEPARTMENT OF REVENUE, STATE
TAX COMMISSION, Appellee
(Respondent below).**

**No. 4320.**

Supreme Court of Wyoming.

May 10, 1974.

Rehearing Denied May 31, 1974.

---◆---

J. T. Langdon, Worland, for appellant.

C. A. Brimmer, Atty. Gen., and James D. Douglass, Sp. Asst. Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Justice McINTYRE delivered the opinion of the court.

Pursuant to the provisions of the Selective Sales Tax Act of 1937, as amended, suit was brought by the State Tax Commission for the recovery of sums assessed against Mead & Sons, Inc., as sales taxes due for the period of October 1, 1969 to September 30, 1972. There is no dispute as to the amount of taxes which would be due if taxes are collectible on the transactions involved. The amount would be $1,976.58 plus penalty and interest. Judgment for that amount was rendered by the district court in favor of the Tax Commission and against the taxpayer. Mead & Sons has appealed.

It has been stipulated by the parties that Mead & Sons is a farm implement dealer doing business in Worland, Wyoming. During the period herein involved it has regularly collected taxes on all of its sales, except that it did not collect from customers a 3% tax on the amount of freight bills connected with interstate transportation of farm implements from the place of manufacture to Worland; nor did it remit 3% of such amounts to the Department of Revenue.

The only issue in the case is whether § 39–291, W.S.1957, 1973 Cum.Supp., exempts from Wyoming's state sales tax the cost of freight charges for interstate transportation of goods which are subsequently sold. The portions of § 39–291 we are concerned with read as follows:

"Within the limitation herein set out, there is hereby levied and there shall be collected and paid:

"(a) An excise tax upon every retail sale of tangible personal property made within the State of Wyoming equivalent to three percent (3%) * * * of the purchase price paid or charged, or in the case of retail sales involving the exchange of property, equivalent to three percent (3%) of the consideration paid or charged, including the fair market value of the property exchanged at the time and place of the exchange * * *.

"(b) An excise tax equivalent to three percent (3%) * * * of the amount paid:

"(i) to carriers or telephone or telegraph corporations defined by the constitution of the State of Wyoming and also as defined by law, whether such corporations are municipally owned or privately owned, for all intrastate transportation of persons, telephone service, or telegraph service, including the rental or leasing of all equipment or service pertaining or incidental thereto; provided, that said tax shall not apply to interstate movements of freight, passengers and express * * *."

It is quite apparent on its face that § 39–291(b)(i) levies a tax of 3% on *intrastate* transportation of goods. The legislature could not make a similar levy on interstate transportation of goods because that would impose a burden on interstate commerce. Of course, the legislature could have stopped with the semicolon in subsection (i). However, to avoid a possible conflict with the commerce clause of the federal constitution and to make it clear that no burden was being imposed on interstate commerce, the legislature added the express provision that the tax on transportation would not apply to interstate movements of freight and persons.

When the legislature levied a tax on the sale of goods, as distinguished from a tax on transportation, there appears to have been no intention to distinguish between goods which had moved in interstate commerce and those which had not. In other words, a sale is a sale and transportation is transportation. Construed in this light, it becomes quite evident that the words "provided that said tax shall not apply to interstate movements of freight" have to do with the tax on transportation and not with the tax on the sales of goods.

As far as the sale of goods is concerned, transportation becomes a part of the cost of the goods. When Mead's customer purchases machinery in Worland, the cost of freight on that machinery has become a portion of Mead's inventory at the time of the sale.

In Morrison-Knudson Co., Inc. v. State Board of Equalization, 58 Wyo. 500, 135 P.2d 927, 934, Justice Blume discussed the multiple taxation problem of interstate commerce, saying:

"We do not, however, understand the rule to be applicable in a case in which there is a definite taxable event in the taxing state which cannot be duplicated in any other state. That is true in the case at bar. The title of the property passed and delivery of possession was made in this state." [1]

In the case we are dealing with, definite taxable events took place in Wyoming which could not be duplicated in any other state. Title to the property passed and delivery of possession took place in Wyoming. The test as to when the sales tax was applied was the transfer of title.[2] Select Base Materials, Inc. v. Board of Equalization, 51 C.2d 640, 335 P.2d 672, 677. This has to do with the tax levied on the sale of goods and not with the tax levied on transportation of freight.

From a stipulation of the parties in this case, it is clear that the customers of Mead & Sons take title and possession of goods purchased by them after the interstate transportation from the place of manufacture to Worland. This means the transportation cost in each instance will have become a part of the cost of the goods at the time of the sale transaction.

For purposes of the sales tax act, "purchase price" is defined in § 39–287(j), W. S.1957, as "the price to the consumer exclusive of any tax imposed by the federal

---

1. For a similar pronouncement by the United State Supreme Court, see *McGoldrick v. Berwind-White Coal M. Co.*, 309 U.S. 33, 60 S.Ct. 388, 392, 84 L.Ed. 565, 128 A.L.R. 876.

2. Section 39–294(d), W.S.1957, 1973 Cum. Supp., provides that sales tax shall be paid upon each installment payment on credit and installment sales where title does not pass until a future date.

government or by this act." The plain meaning of this provision is that, when a transfer of personal property is made, no deduction for charges such as freight is allowed. Freight charges are simply made a part of the price the customer pays to the seller (in this case Mead & Sons).

Our court has not heretofore spoken on the question of whether freight charges can be deducted in determining the amount of sales tax to be levied. Cases from other jurisdictions which hold that freight charges cannot be deducted include: Colonial Pipeline Co. v. Clayton, 275 N.C. 215, 166 S.E.2d 671, 677; Gee Coal Co. v. Department of Finance, 361 Ill. 293, 197 N.E. 871, 102 A.L.R. 766; State v. Menefee Motor Co., 18 La.App. 694, 139 So. 61.

The district court judgment was proper. Affirmed.