## MATTER OF SIBRUN

### In Exclusion Proceedings

#### A-26008444

*Decided by Board January 20, 1983*

(1) An alien's motion for continuance of his exclusion hearing based upon an asserted lack of preparation and a request for opportunity to obtain and present additional evidence must be supported, at a minimum, by a reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed and that any additional evidence which the alien seeks to present is probative, noncumulative, and significantly favorable to him.

(2) A motion for a continuance is within the sound discretion of the immigration judge, and his decision denying such a motion will not be reversed on appeal unless the alien establishes—by a full and specific articulation of the particular facts involved or evidence which he would have presented—that the denial caused him actual prejudice and harm, and materially affected the outcome of his case.

EXCLUDABLE: Act of 1952—Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant not in possession of valid immigrant visa

ON BEHALF OF APPLICANT:
Magda Montiel Davis, Esquire
One Biscayne Tower
Suite 3230
Miami, Florida 33131

ON BEHALF OF SERVICE:
Leonard A. Rosenberg
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

This matter is before the Board on appeal from the immigration judge's decision of July 7, 1982, finding the applicant excludable from admission to the United States under section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(20), and denying his application for asylum under section 208 of the Act, 8 U.S.C. 1158.[1] The appeal will be dismissed.

The applicant is a 35-year-old native and citizen of Haiti who arrived in the United States on August 9, 1981, by boat near Miami, Florida. He had no documents with which to enter the United States and was held in

---

[1] 8 C.F.R. 208.3(b) provides that the filing of an application for asylum in exclusion proceedings shall also be considered as a request for withholding of exclusion under section 243(h)of the Act, 8 U.S.C. 1253(h).

detention by the Service. On August 13, 1981, he was served with a Form I-122, "Notice to Applicant for Admission Detained for Hearing Before Immigration Judge," alleging that he was excludable from admission to the United States under section 212(a)(20) of the Act as an immigrant not in possession of a valid immigrant visa. However, the Service was restrained by order of the Federal District Court for the District of Southern Florida from proceeding to hearing with this and all other Haitian applicants absent their representation by counsel. On April 1, 1982, counsel entered her appearance on behalf of the instant applicant. She was granted 35 days in which to file pre-trial motions and/or an application for asylum. Thereafter, she submitted a Form I-589, "Request for Asylum" for the applicant, which the Service forwarded to the United States Department of State, Bureau of Human Rights and Humanitarian Affairs (BHRHA) on May 12, 1982.[2] Upon receipt of the BHRHA opinion dated May 20, 1982, advising that they did not believe the applicant had established a well-founded fear of persecution, the Service notified counsel on June 3, 1982, that the applicant's case would be heard on July 7, 1982.

At the hearing on July 7, 1982, the applicant conceded that he is a citizen of Haiti, that he intends to stay indefinitely in the United States, and that he had no documents with which to enter the United States. Therefore, the immigration judge properly found the applicant to be excludable from the United States under section 212(a)(20) of the Act, a finding which is not contested on appeal. However, counsel then informed the immigration judge that she was unprepared to present the applicant's case for asylum and she moved for a continuance of the hearing. The immigration judge denied that motion. Counsel then advised the applicant to give no testimony regarding his persecution claim and she refused to conduct any examination of the applicant or submit any evidence in support of his asylum application. Therefore, the immigration judge proceeded to examine in detail the only evidence of record pertaining to the applicant's persecution claim, that being his asylum application. The only claims advanced therein are that the applicant fears persecution because he, like "almost everyone else in my country lives under the same oppressive conditions," *i.e.*, arbitrary arrest by the government authorities, and because he left Haiti without permission. The immigration judge concluded this did not establish a well-founded fear of persecution under the Act, and he denied the asylum application.

Turning first to the applicant's motion for continuance, we observe that an immigration judge may grant an alien's request for adjournment of a *deportation* hearing only for "good cause." *See* 8 C.F.R. 242.13. No comparable provision exists for exclusion proceedings. Given the appar-

---

[2] *See* 8 C.F.R. 208.7 and 208.10(b).

ent paucity of any exposition of standards regarding motions to continue, it may be instructive to examine those standards which have evolved in federal criminal procedure—recognizing, of course, that they do not control in these administrative proceedings. Under federal criminal procedure, the denial of a motion for continuance is within the discretion of the trial court and will not be disturbed without a showing of actual prejudice or harm. *United States v. Clements*, 484 F.2d 928 (5 Cir. 1973), *cert. denied*, 415 U.S. 991 (1974); *United States v. Lustig*, 555 F.2d 737 (9 Cir. 1977), *cert. denied*, 434 U.S. 1045 (1978); *United States v. Aviles*, 623 F.2d 1192 (7 Cir. 1980); *United States v. Moore*, 419 F.2d 810 (6 Cir. 1969). A motion for continuance based upon inadequate time for counsel to examine evidence is properly denied where such additional time would not have affected the outcome. *United States v. Medina-Arellano*, 569 F.2d 349 (5 Cir. 1978). In addition, the bare allegation that had a continuance been granted the defendant could have located unnamed witnesses for his defense is insufficient to cause reversal of the denial of his motion for continuance; the movant is required to show that substantial favorable testimony would be tendered by the witness, that the witness was available and willing to testify, and that denial of the continuance materially prejudiced the defendant. *Id.*

It should be emphasized that the full panoply of procedural protections accorded criminal defendants are not constitutionally mandated for aliens in these civil, administrative proceedings. *See e.g., United States v. Gasca-Kraft*, 522 F.2d 149, 152 (9 Cir. 1975); *Barthold v. INS*, 517 F.2d 689 (5 Cir. 1975); *Jolley v. INS*, 441 F.2d 1245 (5 Cir. 1971). All that is required here is that the hearing be fundamentally fair. *See Matter of Exilus*, 18 I&N Dec. 276 (BIA 1982). Prejudice is the *sine qua non* for establishing that a hearing was unfair. *Id.* Accordingly, where federal criminal procedure standards are satisfied, the less rigorous requirements applicable to civil, administrative proceedings clearly will have been fulfilled as well.

We conclude there are two elements which must be examined with regard to a motion for continuance based upon an asserted lack of preparation and a request for opportunity to obtain and present additional evidence. First, while the motion is within the sound discretion of the immigration judge, an alien at least must make a reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed and that any additional evidence he seeks to present is probative, noncumulative, and significantly favorable to the alien. Second, for purposes of appeal, even where an alien has made this minimum required showing, an immigration judge's decision denying the motion for continuance will not be reversed unless the alien establishes that that denial caused him actual prejudice and harm and materi-

ally affected the outcome of his case. Bare, unsupported allegations are insufficient; the alien must specifically articulate the particular facts involved or evidence which he would have presented and otherwise fully explain how denial of his motion fundamentally changed the result reached.

Counsel has advanced three principal reasons in support of the motion for continuance: failure to receive certain "written material" from the local Bar Association until one day before the hearing; failure to receive the translation of a letter by the applicant from a translating service; and the failure of an employee of the translating service to appear for a meeting with counsel to provide "some pertinent information regarding the hearing as to witnesses and allegations of facts, etc." (Tr. at 4-5). In light of the above standards, we find that these reasons are insufficient to have warranted granting of the motion for continuance by the immigration judge or to require reversal of that decision in this appeal. While the Bar Association materials may not have been received until the 11th hour, nonetheless they were in counsel's possession at the time of the hearing. Thus, she was not precluded from submitting into the record any pertinent evidence contained in that "written material" or from offering a specific explanation as to why its recent receipt adversely affected her ability to go forward in her representation of the applicant.[3] As for the stated failure to receive a translation of the applicant's letter, counsel presumably could have obtained a translation of the letter elsewhere when difficulties developed with the original translating service; alternatively, the applicant's letter could have been translated and read into the record at the hearing by the Service translator, or the applicant simply could have testified directly as to it contents. Concerning the nonappearance of the translating service employee with information regarding "witnesses and allegations of fact," if the applicant himself is the source of these "allegations of fact," he was not precluded from testifying to such "facts" at the hearing. Moreover, counsel has failed to demonstrate that these alleged but unnamed witnesses would have tendered substantial favorable testimony, that they were available and willing to testify, and that the absence of these witnesses materially prejudiced the applicant's case. See *United States* v. *Medina-Arellano*, *supra*. Finally, all three reasons which counsel advances suffer a common defect: they are but bare, unsupported allegations lacking the required specific articulation of particularized facts and evidence. Accordingly, we find that counsel has failed to establish that after more

---

[3] Counsel asserts that this Bar Association material she received one day before the hearing left her insufficient time in which to prepare that information. However, she herself apparently elected to prepare for the hearing by scheduling a meeting with the translating service employee in order to learn of alleged new facts and witnesses on that very same day before the hearing. See Tr. at 4-5.

than 3 months of representing the applicant she reasonably could not have been prepared to proceed nor that the alleged additional evidence she sought to obtain and submit was probative, noncumulative, and significantly favorable to the applicant, so as to justify a continuance of the hearing.

Even assuming, *arguendo,* that the applicant's motion for continuance were adequately supported, we find no need to reverse the immigration judge's denial of the motion. Although it is now several months since the hearing, the applicant, through counsel, has yet to substantively identify any evidence which he was precluded from submitting nor has he proffered any explanation of how denial of his motion materially affected the outcome of his asylum application and caused him actual prejudice or harm.[4] Therefore, the applicant has failed to satisfy the standards set forth earlier, and we will not disturb the immigration judge's denial of the applicant's motion for continuance.

Turning to the applicant's asylum application, under section 208(a) of the Act, an alien may be granted asylum in the exercise of discretion, if he qualifies as a "refugee" within the meaning of section 101(a)(42)(A) of the Act, 1101(a)(42)(A). That section defines "refugee" as an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." The alien bears the burden of proof to establish a well-founded fear of persecution. *Matter of Exilus, supra;* 8 C.F.R. 236.3(a)(2) and 242.17(c); *Haitian Refugee Center* v. *Smith,* 676 F.2d 1023, 1046 (5 [11] Cir. 1982). The alien must demonstrate a likelihood that he individually will be singled out and subjected to persecution. *See, e.g., Cheng Kai Fu* v. *INS,* 386 F.2d 750 (2 Cir. 1967), *cert. denied,* 390 U.S. 1003 (1968); *Fleurinor* v. *INS,* 585 F.2d 129, 133 (5 Cir. 1978). The showing of a "well-founded fear of persecution" requires that the alien present some objective evidence which establishes a realistic likelihood of persecution in his homeland; an alien's own speculations and conclusional statements, unsupported by independent corroborative evidence, will not suffice. *See Rejaie* v. *INS,* 691 F.2d 139 (3 Cir. 1982); *Kashani* v. *INS,* 547 F.2d 376, 379 (7 Cir. 1977); *Rosa* v. *INS,* 440 F.2d 100 (1 Cir. 1971); *Matter of Dunar,* 14 I&N Dec. 310, 319 (BIA 1973); *see also, e.g., Moghanian* v. *BIA,* 577 F.2d 141, 142 (9 Cir. 1978); *Pereira-Diaz* v.

---

[4] We note the record reflects that the applicant was released from detention and paroled into the United States on August 19, 1982. Although counsel's brief on appeal was filed some time after the applicant's parole, neither therein nor otherwise during the several months that the applicant now has been free from restraint and thus has been fully available to consult with counsel has she endeavored to enlighten us regarding the existence and substance of any additional evidence in this case or to elaborate further on the substance of applicant's persecution claim.

*INS*, 551 F.2d 1149, 1154 (9 Cir. 1977); *Khalil* v. *INS*, 457 F.2d 1276, 1278 (9 Cir.1972). Otherwise stated, the test is whether objective evidence of record is significantly probative of the likelihood of persecution to this particular alien, sufficient to establish a well-founded fear of persecution in Haiti. *Matter of Exame*, 18 I&N Dec. 303 (BIA 1982).

The instant record contains merely the applicant's own unsubstantiated and conclusory statements in support of his persecution claim. Therefore, the record does not contain at least some objective evidence which is significantly probative of a realistic likelihood of persecution to this applicant, necessary to establish a well-founded fear of persecution. Moreover,. even if we accept all of the applicant's factual allegations as true, we find him to be ineligible for asylum.

The applicant claims that he will be persecuted because he left Haiti illegally. However, he has never been arrested or imprisoned in Haiti and makes no claim to having been a member of any organization hostile to his government or to have expressed a political opinion adverse to the authorities of that government. It is uncontested that departure from Haiti without permission is a violation of Haitian law. Nevertheless, the possibility that the applicant may be subjected to criminal prosecution and perhaps severe punishment as a result of his illegal departure from Haiti does not demonstrate a likelihood of persecution under the Act. *See Henry* v. *INS*, 552 F.2d 130 (5 Cir. 1977); *Matter of Nagy*, 11 I&N Dec. 888 (BIA 1966); *Matter of Williams*, 16 I&N Dec. 697 (BIA 1979); *Matter of Matelot*, 18 I&N Dec. 334 (BIA 1982). The record establishes no motivation of the Haitian authorities for seeking to prevent the applicant's illegal departure or punish him upon his return apart from the fact that such departure constitutes a crime in Haiti; no motivation based on political opinion for this prospective criminal prosecution and punishment is persuasively demonstrated in the record. Accordingly, the applicant's claim that he left Haiti illegally does not satisfy his burden of proof in establishing a well-founded fear of persecution. *Id.*

The applicant also states that he fears persecution because all Haitians live under terrible oppression and in constant fear of the Haitian authorities subjecting them to arbitrary arrest, torture, and perhaps death. Even if true, such deplorable actions do not come within the specified grounds of persecution prescribed by section 101(a)(42) of the Act, *i.e.*, that they be imposed "on account of race, religion, nationality, membership in a particular social group, or political opinion." The type of persecution upon which asylum eligibility may be predicated is not merely that which threatens life or freedom generally; the Act requires that this qualifying persecution derive solely on account of one of the five prescribed grounds in the statute. Generalized oppression by a government of virtually its entire populace does not come within those specified grounds.

359

In conclusion, we find that the applicant has not demonstrated a sufficient basis for us to disturb the immigration judge's denial of the motion for continuance, and that he has failed to establish a well-founded fear of persecution within the meaning of the Act.

**ORDER:** The appeal is dismissed.