**CHUN BO DONG, Petitioner,**

v.

**Paul D. CLEMENT,[1] United States Attorney General, Respondent.**

**No. 07–0195–ag.**

United States Court of Appeals, Second Circuit.

Sept. 13, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Paul D. Clement is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Dehai Zhang, Flushing, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Lisa M. Arnold, Senior Litigation Counsel, Jamie M. Dowd, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Chun Bo Dong, a native of China, seeks review of December 29, 2006 order of the BIA affirming the July 14, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Chun Bo Dong,* No. 97 954 721 (B.I.A. Dec. 29, 2006), *aff'g* No. 97 954 721 (Immig. Ct. N.Y. City July 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "con-

clusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

An asylum applicant must demonstrate persecution on account of the applicant's race, religion, nationality, political opinion, or particular social group. 8 U.S.C. § 1101(a)(42)(A). With respect to claims made challenging the family planning laws in China, the statute states that "a person who has been persecuted ... for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be ... subject to persecution for such ... resistance shall be deemed to have a well founded fear of persecution on account of political opinion." 8 U.S.C. § 1101(a)(42)(B). In order to meet the nexus requirement, an applicant must demonstrate that the persecutor was motivated by the applicant's opinion, whether actual or imputed. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005); *Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005).

■ Here, Dong sought asylum on the ground that he suffered past persecution and had a well-founded fear of persecution on account of his other resistance to the family planning policy, stemming from an altercation that (according to Dong) ensued when he physically tried to prevent family-planning officials from taking his cousin. Dong did not indicate that he expressed any opposition to the family planning policy to any of the officers, nor did he indicate that the officers believed him to oppose the policy. In fact, Dong testified that he would have done the same thing, and the police would have reacted in the same manner, had his cousin been sought for any reason other than his violation of the family planning policy. The IJ therefore reasonably found that Dong failed to prove that any harm he suffered during the altercation was motivated by an actual or imputed opposition to the family planning policy. *See Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992).

■ Regarding his fear of future persecution, Dong claimed that he knew he would be arrested upon return to China because the police were looking for him. However, throughout his hearing, Dong claimed only that the family planning officials were seeking him because he assaulted an officer; he did not indicate at any point that the police were seeking him because they believed him to oppose the family planning policy. Indeed, he stated that he feared returning to China only for this reason. Accordingly, the IJ did not err in finding that Dong failed to establish that he had a well-founded fear of persecution on account of "other resistance" to the family planning policy, or any other protected ground. *See, e.g., Matter of Sibrun,* 18 I. & N. Dec. 354, 359 (BIA 1983). Since the nexus finding is dispositive of Dong's asylum claim, we need not address any of the IJ's alternative findings.

In his brief, Dong mentions his withholding of removal and CAT claims only in the conclusion; he does not raise any challenge to the denial of those claims at any other point in his brief. Because Dong failed to meaningfully challenge the denial of these claims, we consider them waived. *See Yueqing Zhang,* 426 F.3d at 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Petitioner's motion for a

stay of removal in this petition is DIS-MISSED as moot.