**JIN FANG QIU, Petitioner,**

v.

**Michael MUKASEY, Attorney General, United States Department of Justice,[1] Respondents.**

**No. 07–2974–ag.**

United States Court of Appeals, Second Circuit.

March 12, 2008.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

Peter D. Keisler, Assistant Attorney General, Civil Division, William C. Peachey, Senior Litigation Counsel, Alison Marie Igoe, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Jin Fang Qiu, a native and citizen of the People's Republic of China, seeks review of a June 20, 2007 order of the BIA affirming the January 19, 2006 decision of Immigration Judge ("IJ") Alan Page denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Fang Qiu*, No. A78 956 426 (B.I.A. June 20, 2007), *aff'g* No. A78 956 426 (Immig. Ct. N.Y. City Jan. 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). Here, because the IJ found that Qiu was credible and the BIA did not disturb that finding, we assume his credibility. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir. 2005).

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494

F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales*, 331 F.3d at 307.

### I. Asylum and Withholding of Removal

■ Qiu argues that the agency erred in finding that he failed to establish that the persecution he suffered and continues to fear bears a nexus to a protected ground. Qiu's claim was based upon his actions in exposing an embezzlement scheme at his place of employment. He contends that his actions amounted to an expression of political opinion that merits protection under the INA. That argument, however, is unavailing. We have found that opposition to corruption may form the basis of an asylum claim "[w]here the dispute is such that the asylum seeker did not merely seek economic advantage but mounted a challenge to the legitimacy and authority of the ruling regime itself, and where the applicant can show that this 'political threat' is the motive for the persecution perpetrated or feared." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547 (2d Cir.2005). While Qiu may indeed have been motivated by a desire to challenge Tan's corrupt practices when he informed the authorities about them, he failed to establish that the authorities engaged in those corrupt practices themselves. Qiu testified that although Tan was found to have violated "the regulation," Tan's activity was not deemed illegal, and the authorities instead accused Qiu of embezzling 70,000 yuan from company accounts. Nothing in the record, however, suggests that the authori-

ties focused their attention on Qiu for improper reasons.

"Punishment for violation of a generally applicable criminal law is not persecution." *Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992). In determining whether prosecution for an offense may be a pretext for punishing an individual for his political opinion, the BIA has concluded that "[e]vidence that punishment for a politically related act would be disproportionate to the crime would indicate persecution on grounds of political opinion rather than prosecution." *In re S–P–,* 21 I. & N. Dec. 486, 493 (BIA 1996). As the government points out, Qiu admitted to his complicity in Tan's embezzlement scheme. Qiu knew that "this whole thing was illegal," yet he assisted Tan by establishing a special account under his name from which Tan withdrew the funds that he embezzled. Under these circumstances, the Chinese government's interest in interrogating Qiu was understandable. While Qiu was detained for three days, during which time he was interrogated and not allowed to sleep, his testimony does not suggest that such treatment was "disproportionate" to the crime of which he was accused. *See id.* Indeed, he points to nothing in the record indicating that the Chinese government improperly singled him out when they investigated his role in the embezzlement scheme. *See Saleh,* 962 F.2d at 239.

Qiu's failure to establish that the harm he fears is "on account of" a protected ground is fatal to his claims for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir. 1991).

## II.   CAT Claim

The IJ also properly concluded that while Qiu may be the subject of a criminal prosecution and consequently could be convicted and jailed, he is ineligible for CAT relief because he failed to show that it is "more likely than not" that he would be tortured by the Chinese government. *See* 8 C.F.R. § 1208.16(c)(2). In order to establish eligibility for CAT relief, Qiu was required to show that the Chinese government specifically intends to torture him. *See Pierre v. Gonzales,* 502 F.3d 109, 118 (2d Cir.2007). Qiu identifies nothing in the record to support this assertion. Without more, Qiu has not shown that the possible arrest and detention he faces in China is disproportionate to the offenses with which he may be charged, i.e., illegal departure or embezzlement. *See Saleh,* 962 F.2d at 239; *see also Matter of Sibrun,* 18 I. & N. Dec. 354, 359 (BIA 1983).

For the foregoing reasons, the petition for review is DENIED. The stay of removal that the Court previously granted in this petition is VACATED.