**TIAN WEI SU, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

No. 07–5472–ag.

United States Court of Appeals, Second Circuit.

July 31, 2008.

Tian Wei Su, pro se, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Mary Jane Candaux, Assistant Director, Office of Immigration Litigation, Julie S. Pflugler, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Tian Wei Su, a native and citizen of the People's Republic of China, seeks review of the November 6, 2007 order of the BIA dismissing the appeal from the January 3, 2006 decision of Immigration Judge ("IJ") Thomas J. Mulligan, denying Su's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tian Wei Su,* No. A98 432 261 (B.I.A. Nov. 6, 2007), *aff'g* No. A98 432 261 (Immig. Ct. N.Y. City Jan. 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

The BIA correctly found that Su had failed to satisfy his burden of proof by showing that he feared persecution on the basis of a protected ground. Although he claimed for the first time before the BIA that he was detained for 15 days by the Chinese government and that his store was shut down, he provided neither documentary nor testimonial evidence of the relevant events and therefore failed to establish that any alleged harm was inflicted on the basis of a protected ground. *See* 8 U.S.C. § 1101(a)(42). Furthermore, fear of criminal prosecution for illegally departing China does not rise to the level of persecution under the INA. *Matter of Sibrun,* 18 I. & N. Dec. 354, 359 (B.I.A.1983) (the "possibility that the applicant may be subject to criminal prosecution and perhaps severe punishment as a result of his illegal departure ... does not demonstrate a likelihood of persecution under [INA]").

The BIA's denial of CAT relief based on Su's alleged illegal departure was also proper because Su did not establish "that

someone in his particular alleged circumstances is *more likely than not* to be tortured if imprisoned in China." *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003); *see also Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DISMISSED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).