**FENG LIN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,[1] Respondent.**

**No. 08–0557–ag.**

United States Court of Appeals,
Second Circuit.

March 5, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Thomas V. Massucci, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Mark C. Walters, Assistant Director; James A. Hurley, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. ROSEMARY S. POOLER, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Feng Lin, a native and citizen of the People's Republic of China, seeks review

of a January 8, 2008 order of the BIA, affirming the March 16, 2006 decision of Immigration Judge ("IJ") Noel Brennan, who denied Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Lin,* No. A97 959 092 (B.I.A. Jan. 8, 2008), *aff'g* No. A97 959 092 (Immigr. Ct. N.Y. City Mar. 16, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When "the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005) (per curiam). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Lin explicitly declines to challenge before this Court the agency's adverse credibility determination, thereby waiving any such challenge. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir. 2005) (stating that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal). Instead, he argues here that the agency failed to consider properly his well-founded fear of future persecution for having left China illegally, which he claims

arises from (1) having a disloyal or traitorous political opinion imputed to him by the Chinese government, and (2) his membership in a particular social group, viz. close family members of smugglees.

Contrary to Lin's argument, however, the IJ and BIA did consider his fear of future persecution. As an initial matter, the IJ found that the record lacked any evidence to support Lin's contention that he left China illegally. But even if he had left China illegally, the fact that he may be punished for that illegal departure does not generally constitute evidence of persecution, *see Matter of Sibrun,* 18 I. & N. Dec. 354, 359 (B.I.A.1983), a point recognized by the BIA. Moreover, Lin offers no evidence, beyond his own conclusory assertions, that (1) the Chinese government imputes a disloyal or traitorous political opinion to its citizens who leave the country illegally, or (2) close family members of smugglees who themselves attempt to be smuggled out of China are treated differently because of that status upon their return. And finally, the IJ found (and Lin does not contest) that Lin's testimony was not credible with respect to the treatment his father and brother received when they were returned to China. Lin therefore has failed to demonstrate a well-founded fear of persecution as a result of his departure from China.

Because Lin's claims for withholding of removal and CAT relief rest on the same factual predicate as his asylum claim, those claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.