**RUI YUN LIN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General, Respondent.***

No. 08–3137–ag.

United States Court of Appeals, Second Circuit.

April 3, 2009.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Dehai Zhang, Flushing, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present WILFRED FEINBERG, GUIDO CALABRESI and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DE-CREED, that the petition for review is DENIED.

Rui Yun Lin, a native and citizen of China, seeks review of a June 11, 2008 order of the BIA affirming the September 20, 2006 decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rui Yun Lin,* No. A98 593 816 (B.I.A. Jun. 11, 2008), *aff'g* No. A98 593 816 (Immig. Ct. N.Y. City Sept. 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Because Lin failed to argue before the BIA that transcription errors in the IJ's decision warranted remand, we decline to review such argument made here in the first instance. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1, 122 (2d Cir.2007). Further, because Lin failed to challenge the denial of her asylum and withholding of removal claims based on her mother's forced sterilization, any such claim is deemed abandoned. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Lin asserts that she established eligibility for relief based on her fear that she would be persecuted upon her return to China because she wants to have a large family in violation of the Chinese family planning policy. The agency properly denied her claim. As we have held, a claim for asylum based on the Chinese family planning policy is too speculative to merit relief where the applicant is unmarried, has no children, and has never had an encounter with the family planning authorities. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128–29 (2d Cir.2005).

Similarly, although Lin argues that she is entitled to relief based on her illegal departure, we have held that "[t]he possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum." *Qun Yang v. McElroy*, 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam); *see also Matter of Sibrun*, 18 I. & N. Dec. 354, 359 (BIA 1983). We have also held that the agency does not err in finding that a petitioner is not "entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China." *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005). Lin argues that she is similarly situated to her friend who was purportedly tortured upon his return to China. However, the agency properly rejected her argument because she failed to demonstrate that he was tortured solely on account of his illegal departure. *See Yueqing Zhang*, 426 F.3d at 545. Moreover, Lin failed to provide the particularized evidence necessary to demonstrate eligibility for CAT relief where she submitted general country conditions evidence. *See Mu Xiang Lin*, 432

F.3d at 160. Accordingly, the agency properly denied Lin's application for withholding of removal and CAT relief. *Id.*; *Qun Yang*, 277 F.3d at 163 n. 5.

For the foregoing reasons, the petition for review is hereby DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.