SUMMARY ORDER

Cheng Lin, a native and citizen of the People’s Republic of China, seeks review of an October 15, 2008 order of the BIA, affirming the August 22, 2006 decision of Immigration Judge (“IJ”) Sandy Horn, which denied Lin’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Cheng Lin, No. A098 715 333 (B.I.A. Oct. 15, 2008), aff'g No. A098 715 333 (Immig. Ct. N.Y. City Aug. 22, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions “for the sake of completeness.” See Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. DHS, 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We find that the record supports •the agency’s determination that Lin failed to establish eligibility for asylum or withholding of removal. Before the agency, Lin asserted that he feared persecution on account of China’s family planning policy. In light of the fact that he is unmarried, has no children, has never been sterilized, and has had no contact with China’s family planning officials, the agency reasonably found Lin’s fear of persecution on this ground too speculative to be well-founded. See Jian Xing Huang v. U.S. INS, 421 F.3d 125, 129 (2d Cir.2005) (“In the absence of solid support in the record for [an applicant’s] assertion that he will be [persecuted], his fear is speculative at best.”).
Moreover, the agency correctly concluded that Lin was not eligible for asylum based on the alleged forced sterilization of his mother and aunts. See Tao Jiang v. Gonzales, 500 F.3d 137, 140-41 (2d Cir.2007) (citing Shi Liang Liu v. U.S. Dep’t of Justice, 494 F.3d 296, 308-09 (2d Cir.2007) (en banc)). Further, Lin has offered no evidence in support of his claim that family members of those who have been forcibly sterilized are subjected to closer scrutiny by family planning officials or that they are more likely to face forced sterilization themselves. Cf. Jian Xing Huang, 421 F.3d at 128-29.
Lin also contends that he established a well-founded fear of persecution by demonstrating that he would be imprisoned and persecuted by Chinese government officials on account of his illegal departure from China. Although Lin argues that due to his illegal departure, the Chinese government will impute to him an anti-government political opinion, he fails to identify any record evidence that would support such an argument. See Yueging Zhang v. Gonzales, 426 F.3d 540, 545 (2d Cir.2005) (asylum applicants are required to show, through direct or circumstantial evidence, that the persecutor’s motive to persecute the applicant arises from, inter alia, the applicant’s political views). Moreover, this Court has observed that the possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, con *25 stitute a valid basis for granting asylum. See Qun Yang v. McElroy, 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam); see also In re Sibrun, 18 I. & N. Dec. 354, 359 (B.I.A.1983).
For these reasons, the agency did not err in finding that Lin failed to establish a well-founded fear of future persecution. Accordingly, the agency reasonably denied Lin’s asylum and withholding of removal claims as they were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
Finally, Lin challenges the agency’s denial of his application for CAT relief, first arguing that the background evidence in the record demonstrates that it is more likely than not that he will be tortured by Chinese government officials on account of his illegal departure and by loan sharks with the acquiescence of government officials on account of his unpaid debt. We have held that an applicant cannot demonstrate that he is more likely than not to be tortured “based solely on the fact that [he] is part of the large class of persons who have illegally departed China” and on generalized evidence indicating that torture occurs in Chinese prisons. See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 160 (2d Cir.2005); see also Pierre v. Gonzales, 502 F.3d 109, 116-19 (2d Cir.2007) (holding that, beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained). Here, substantial evidence supports the agency’s denial of Lin’s application for CAT relief, as Lin provided no basis for the agency to conclude that he, or someone in his “particular alleged circumstances,” faces an elevated risk of torture. Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 144 (2d Cir.2003).
Li also argues that he will be tortured by smugglers in China — to whom his family allegedly owes 410,000 RMB — with the acquiescence of the Chinese government. However, the agency’s determination that Lin failed to show the government would not control the loan sharks was not in error where Lin failed to present any evidence to show such acquiescence by the Chinese government in any persecution or torture by loan sharks. See Khouzam v. Ashcroft, 361 F.3d 161, 171 (2d Cir.2004); see also 8 C.F.R. § 1208.18(a)(1). Accordingly, we will not disturb the agency’s denial of Lin’s application for CAT relief.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.