QIU LIN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 08–2399–ag.

United States Court of Appeals, Second Circuit.

July 16, 2009.

Yee Ling Poon, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel, Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

**100**

PRESENT: RALPH K. WINTER, PIERRE N. LEVAL, and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Qiu Lin, a native and citizen of China, seeks review of an April 14, 2008 order of the BIA, affirming the May 15, 2006 decision of Immigration Judge ("IJ") Terry Bain, which denied Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiu Lin*, No. A95 687 701 (B.I.A. Apr. 14, 2008), *aff'g* No. A95 687 701 (Immig. Ct. N.Y. City May 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

■ Here, we find that the record supports the agency's determination that the Petitioner failed to establish eligibility for asylum or withholding of removal. Before the agency, the Petitioner asserted that she feared persecution on account of China's family planning policy. In light of the fact that the Petitioner is unmarried, has no children, has never been forcibly aborted or sterilized, and has had no contact with China's family planning officials, the agency reasonably found her fear of persecution on this ground too speculative to be well-founded. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (holding that, "[i]n the absence of solid support in the record for [an applicant's] assertion that he will be [persecuted], his fear is speculative at best").

■ Moreover, the agency correctly concluded that the Petitioner was ineligible for asylum based on the forced sterilization of her mother and aunts. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 140–41 (2d Cir.2007) (citing *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308–09 (2d Cir.2007)). Further, the Petitioner has offered no evidence that family members of those who undergo forced sterilization are actually subjected to closer scrutiny by family planning officials or that they are more likely to face forced sterilization themselves. *See Jian Xing Huang*, 421 F.3d at 128–29.

■ The Petitioner also asserted that she had established a well-founded fear of persecution because she would be imprisoned and persecuted by Chinese government officials on account of her illegal departure from that country and by smugglers with the acquiescence of government officials on account of her unpaid debt. However, the Petitioner failed to present any evidence to show acquiescence by the Chinese government in persecution or torture by snakeheads. In addition, although the Petitioner argues that due to her illegal departure, the Chinese government will impute to her an anti-government political opinion, she fails to identify any record evidence that would support such an argument. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir.2005) (asylum applicants are required to show the persecutor's motive through direct or cir-

cumstantial evidence). Moreover, with respect to illegal departure claims, this Court has observed that the possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum. *Qun Yang v. McElroy*, 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam); *see also Matter of Sibrun*, 18 I. & N. Dec. 354, 359 (BIA 1983).

For these reasons, the agency did not err in finding that the Petitioner failed to establish a well-founded fear of future persecution. Accordingly, the agency reasonably denied the Petitioner's asylum and withholding of removal claims as they were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

The Petitioner further challenges the agency's denial of her application for CAT relief, arguing that the background evidence in the record demonstrates that it is more likely than not that she will be tortured by Chinese government officials on account of her illegal departure from that country and by smugglers with the acquiescence of government officials on account of her unpaid debt. We have held that an applicant cannot demonstrate that she is more likely than not to be tortured "based solely on the fact that [she] is part of the large class of persons who have illegally departed China" and on generalized evidence indicating that torture occurs in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005); *see also Pierre v. Gonzales*, 502 F.3d 109, 118–19 (2d Cir.2007) (holding that, beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities act with the specific intent to inflict severe physical or mental

pain or suffering on those detained). Here, substantial evidence supports the agency's denial of the Petitioner's CAT claim, as the Petitioner provided no basis for the agency to conclude that she, or someone in her "particular alleged circumstances," faces an elevated risk of torture. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED.