09-0913-ag
Zhou v. Holder

BIA
Abrams, IJ
A098 990 622

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of May, two thousand ten.

PRESENT:

REENA RAGGI,
PETER W. HALL,
DEBRA ANN LIVINGSTON,
        *Circuit Judges*.
_____

JIANG DE ZHOU,
        *Petitioner*,

        v.                                    09-0913-ag
                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:        Yimin Chen, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; James H.
                       Hunolt, Senior Litigation Counsel;
                       Margaret A. O'Donnell, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jiang De Zhou, a native and citizen of the People's Republic of China, seeks review of a February 9, 2009, order of the BIA affirming the November 30, 2006, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Jiang De Zhou, No. A098 990 622 (B.I.A. Feb. 9, 2009), aff'g No. A098 990 622 (Immig. Ct. N.Y. City Nov. 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. See Manzur v. U.S. Dep't of Homeland Sec., 494 F.3d 281, 289 (2d Cir. 2007); Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008).

In order to qualify for asylum, an applicant must show past persecution or a well-founded fear of future persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42). Withholding of removal requires an applicant to show that, if removed, it is more likely than not that his life or freedom would be threatened on account of one of those protected grounds. 8 C.F.R. § 1208.16(b)(2). "The applicant bears the burden of demonstrating eligibility for asylum and withholding of removal." Delgado v. Mukasey, 508 F.3d 702, 706 (2d Cir. 2007).

Zhou asserts in his counseled brief that he is entitled to asylum and withholding of removal because he is part of the "social group" of "repeated illegal flee," meaning those who have illegally entered another country and are now being repatriated to China. Contrary to Zhou's argument, the agency's determination that such a large group of people, effectively comprising every Chinese citizen who has violated China's immigration law, lacks sufficient particularity to constitute a particular social group under the INA. See Ucelo-Gomez v. Mukasey, 509 F.3d 70, 73 (2d

2

Cir. 2007). We find no error in the agency's determination that, even if that social group was sufficiently cognizable, Zhou could not establish that Chinese officials would persecute him on account of his membership in that group rather than prosecute him for violating a generally applicable law. See 8 U.S.C. § 1158(b)(1)(B); see also Qun Yang v. McElroy, 277 F.3d 158, 163 n.5 (2d Cir. 2002); Matter of Sibrun, 18 I & N Dec. 354, 359 (BIA 1983). The agency reasonably denied Zhou's applications for asylum and withholding of removal. See 8 U.S.C. §§ 1101(a)(42), 1231(b)(3).

Unlike both asylum and withholding of removal under the INA, CAT relief does not require a nexus to one of the protected grounds; it does not matter why the applicant will be tortured, only that the torture is more likely than not to occur. See Khouzam v. Ashcroft, 361 F.3d 161, 168 (2d Cir. 2004); 8 C.F.R. §§ 1208.16(c), 1208.17. Nonetheless, we find no error in the agency's denial of Zhou's application for CAT relief because Zhou presented no particularized evidence demonstrating that someone in his circumstances would more likely than not be tortured in China. See Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 143-44 (2d Cir. 2003). Rather, Zhou offered evidence that some individuals who illegally depart China are imprisoned and that human rights violations, including torture, occur in Chinese prisons. We have explicitly held that such evidence, without more, is insufficient to support a claim for CAT relief. See Mu Xiang Lin v. U.S. Dep't of Justice, 432 F.3d 156, 159-60 (2d Cir. 2005). The same result obtains here.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3