[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10843
Non-Argument Calendar
_____

Agency No. A087 510 448

YONG SEUK LEE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 16, 2012)

Before WILSON, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Yong Lee, a native and citizen of South Korea, appeals the order that

affirmed the denial of his applications for asylum and withholding of removal

under the Immigration and Nationality Act and relief under the United Nations

Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or

Punishment.  8 U.S.C. §§ 1158(a), 1231(b)(3); 8 C.F.R. § 208.16.  Lee argues that

he has a well-founded fear of future persecution and torture based on the

compulsory military service that he faces if he is removed to South Korea.  We

deny Lee's petition.

Lee challenges the finding that his application for asylum was untimely, but

that issue is not before us.  Although the immigration judge found Lee's

application untimely, the Board declined to address that issue.  We review only the

decision of the Board.  Bedoya-Melendez v. Att'y Gen., 680 F.3d 1321, 1323 n.1

(11th Cir. 2012).

Substantial evidence supports the finding of the Board that Lee lacks a well-

founded fear of future persecution or torture.  The record does not compel a

finding that Lee's service in the South Korean military would constitute

persecution.  Although Lee presented evidence that his father had been mistreated

by senior officers in the military because he had been short, frail, and older than

his fellow soldiers, Lee is three inches taller than his father and in good health,

and Lee failed to submit any evidence that he would be "singled out" for

2

persecution based on any protected ground.  Forgue v. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005).  Lee subjectively feared persecution and economic hardship based on his inability to speak Korean fluently, his lack of social connections within the country, and the Korean custom of designating careers during childhood, but Lee introduced no evidence that established his fears were objectively reasonable.  See Matter of Siburn, 18 I. & N. Dec. 354, 358 (BIA 1983) ("The showing of a 'well-founded fear of persecution' requires that the alien present some objective evidence which establishes a realistic likelihood of persecution in his homeland; an alien's own speculations and conclusional statements, unsupported by independent corroborative evidence, will not suffice.").  South Korea can require Lee to submit to military service, and Lee failed to present any evidence that the South Korean military is internationally condemned.  See Mohammed v. U.S. Att'y Gen., 547 F.3d 1340, 1346–47 (11th Cir. 2008).  Although Lee argues that he will be imprisoned should he refuse to serve in the military, that punishment is a lawful sanction imposed on all Korean citizens and would not amount to persecution or torture.  See id.; 8 C.F.R. § 108.18(a)(3).  Because Lee cannot satisfy the standard to obtain asylum relief or the more stringent standards imposed for withholding of removal or relief under the Convention, Zheng v. U.S. Atty. Gen., 451 F.3d 1287, 1292 (11th Cir. 2006),

3

we deny Lee's petition.

**PETITION  DENIED.**

4