SUMMARY ORDER

Miao Chen, a native and citizen of China, seeks review of a June 11, 2008 order of the BIA affirming the July 17, 2006 decision of Immigration Judge (“IJ”) Terry Bain, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Miao Chen, No. A95 687 850 (B.I.A. Jun. 11, 2008), aff'g No. A95 687 850 (Immig. Ct. N.Y. City Jul. 17, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA affirms the IJ’s decision in some respects but not others, we review the IJ’s decision as modified by the BIA decision. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). The IJ’s decision in this case included an adverse credibility determination, but the BIA agreed with the IJ’s conclusion even assuming Chen’s credibility. We similarly assume Chen’s credibility. We review the agency’s factual findings under the substantial evidence standard. Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008) (citing 8 U.S.C. § 1252(b)(4)(B)). We review de novo questions of law and the application of law to undisputed fact. Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Chen does not challenge the agency’s conclusion that she did not suffer past persecution. Absent past persecution, an applicant may establish eligibility for asylum by showing that she subjectively fears persecution on account of an enumerated ground and that her fear is objectively reasonable. See Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004). Chen testified that she did not practice Falun Gong, but argues that Chinese authorities will impute a pro-Falun Gong opinion to her. However, the agency reasonably found that Chen failed to establish a well-founded fear of future persecution where she testified that her similarly situated sister and her parents remained unharmed in China.[2] See Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir.1999) (finding that where the asylum applicant’s similarly situated mother and daughters continued to live in petitioner’s native country, a claim of well-founded fear was weakened).
Additionally, Chen argues that the agency erred by failing to consider certain evi *279 dence in the record. Although the agency has an obligation to consider all evidence relevant to an applicant’s claim, it need not “expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner.” Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (internal quotation marks omitted). Rather, we “presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.” Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 337 n. 17 (2d Cir.2006). Here, there is no indication that the agency failed to consider any evidence in the record. Further, although Chen argues that she is entitled to asylum based on her illegal departure,[3] we have held that the possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum. See Saleh v. U.S. Dep’t of Justice, 962 F.2d 234, 239 (2d Cir.1992); see also Matter of Sibrun, 18 I. & N. Dec. 354, 359 (BIA 1983) (“[T]he possibility that the applicant may be subjected to criminal prosecution and perhaps severe punishment as a result of his illegal departure ... does not demonstrate a likelihood of persecution.... ”).
Therefore, as the agency reasonably found that Chen failed to demonstrate past persecution or a well-founded fear of persecution, it reasonably denied her application for asylum and withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (noting that a withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim on the same factual predicate).
With respect to Chen’s CAT claim, because she was unable to show the objective likelihood of persecution needed to make out an asylum or withholding of removal claim based on Falun Gong, she was necessarily unable to meet the higher standard required to succeed on a claim for CAT relief. See id,.-, Kyaw Zwar Tun v. U.S. INS, 445 F.3d 554, 567 (2d Cir.2006) (“[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution.”). To the extent Chen’s CAT claim was based on her alleged illegal departure, we have expressly held that the agency does not err in finding that a petitioner is not “entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China.” Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 160 (2d Cir.2005) (emphasis in original). Even assuming that Chen left China illegally, it is clear that she failed to provide the particularized evidence necessary to demonstrate eligibility for CAT relief as she submitted only general country conditions evidence. See id. Accordingly, the agency properly denied Chen’s application for CAT relief. See id.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Chen also argues that the BIA erred by-engaging "in fact finding by determining that [she] failed to establish a well-founded fear of persecution” where the IJ did not make that determination. This argument is completely erroneous where the IJ specifically found that Chen "failed to carry her burden of establishing that she ha[d] a well-founded fear of persecution."

. It appears that Chen may have departed China legally. During her asylum hearing, when asked how she departed from China, Chen stated, "I used my own passport,” and explained that she was inspected by Chinese authorities.