**WEN SHU CHEN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General[1], Respondent.**

**No. 08–5517–ag.**

United States Court of Appeals, Second Circuit.

July 14, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Yu Zhang, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; Jennifer R. Khouri, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Wen Shu Chen, a native and citizen of the People's Republic of China, seeks review of an October 17, 2008 order of the BIA affirming the February 13, 2007 decision of Immigration Judge ("IJ") Elizabeth A. Lamb, which denied Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Shu Chen,* No. A098 358 505 (B.I.A. Oct. 17, 2008), *aff'g* No. A098 358 505 (Immig. Ct. N.Y. City Feb. 13, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Here, although the IJ stated that Chen's credibility was of "extreme importance," the IJ did not make an explicit adverse credibility determination. *See Diallo v. INS,* 232 F.3d 279, 284 (2d Cir.2000) (holding that, in adjudicating an asylum application, an IJ is required to make an explicit credibility determination). In addition, the BIA found only that Chen failed to meet his burden of proof—and did not mention the IJ's credibility determination. In such circumstances, we assume Chen's credibility. *See Yan Chen,* 417 F.3d at 271–72 (assuming, without determining, the petitioner's credibility).

We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

## I. CAT Relief

■ Chen's CAT claim before the BIA was based entirely on his fear of torture for having left China illegally, whereas his CAT claim before this Court is based on his fear of torture if he practices Christianity in China. Accordingly, Chen's CAT claim is unexhausted, and this Court will not consider it. 8 U.S.C. § 1252(d)(1); *Foster v. INS,* 376 F.3d 75, 78 (2d Cir. 2004); *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

## II. Asylum and Withholding of Removal

■ We find no error in the agency's conclusion that Chen failed to demonstrate past persecution, because the events that Chen described—that Buddhists in his village wanted Christians to participate in Buddhist religious activities, that Buddhists did not want Christians to hold their own religious activities, and that Buddhists prevented Chen from competing in a dragon boat festival—did not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (finding that, to constitute persecution, the harm an applicant fears must be sufficiently severe, rising above "mere harassment"); *see also Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive"), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 306 (2d Cir.2007) (en banc).

■ We likewise find no error in the agency's determination that Chen failed to demonstrate a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b). Chen's argument that he has a well-founded fear of persecution due to his illegal departure from China is unavailing where, with respect to illegal departure claims, we have observed that "[t]he possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum." *Qun Yang v. McElroy,* 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam); *see also Matter of Sibrun,* 18 I. & N. Dec. 354, 359 (BIA 1983).

Chen's religion-based pattern or practice claim is also without merit where the BIA considered the claim and reasonably rejected it. *See Mufied v. Mukasey,* 508 F.3d 88, 91 (2d Cir.2007) (remanding because neither the IJ nor the BIA considered petitioner's pattern or practice claim). We "presume[ ] that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir.2006). Here, the record evidence indicates that, although there is persecution against Christians in China, the degree of religious freedom varies widely from place to place. Moreover, while there is some record evidence that could support a contrary conclusion, nothing compels us to conclude that the agency ignored such evidence, and we will not ourselves "attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency." *Jian Hui Shao v. Mukasey,* 546 F.3d 138, 171 (2d Cir. 2008).

Accordingly, as the agency reasonably found that Chen failed to demonstrate past persecution or a well-founded fear of persecution, it reasonably denied his applica-

tion for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).