SUMMARY ORDER

Xing Xin Yang, a native and citizen of China, seeks review of a July 31, 2008 order of the BIA affirming the August 29, 2006 decision of Immigration Judge (“I J”) Sandy K. Horn, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xing Xin Yang, No. A98 997 712 (B.I.A.31, 2008), aff'g No. A98 997 712 (Immig. Ct. N.Y. City Aug. 29, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions “for the sake of completeness.” Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Although Yang argues that he is entitled to asylum based on his illegal departure,[2] the possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum. See Saleh v. U.S. Dep’t of Justice, 962 F.2d 234, 239 (2d Cir.1992); see also Matter of Sibrun, 18 I. & N. Dec. 354, 359 (BIA 1983). Therefore, as the agency reasonably found that Yang failed to demonstrate a well-founded fear of persecution, it reasonably denied his application for asylum and withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
Additionally, it is well-settled that the agency does not err in finding that a petitioner is not “entitled to CAT protection based solely on the fact that he is part of the large class of persons who have illegally departed China.” See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, *60 160 (2d Cir.2005). Accordingly, the agency properly denied Yang’s application for CAT relief. Id.
While Yang argues that the agency violated his due process rights by failing to “fully credit” an affidavit and medical report he submitted, his argument fails where, as here, the record reveals that the agency explicitly considered that evidence. Moreover, the agency properly declined to credit the evidence where Yang failed to demonstrate that he would be treated similarly to the affiant. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant’s evidence in immigration proceedings lies largely within the discretion of the IJ). Thus, because it is clear that Yang received a full and fair opportunity to present his claims, the agency did not violate his due process rights. See Li Hua Lin v. U.S. Dep’t of Justice, 453 F.3d 99, 104-05 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. It appears that Yang departed China legally. During his asylum hearing, when asked how he departed from China, Yang stated that he used a Chinese passport issued in his own name, which had a valid visa to Malaysia, and that he was inspected by authorities. Nonetheless, because the BIA apparently assumed that Yang departed illegally, we assume the same for purposes of our decision.