09-1612-ag
Chen v. Holder

IJ Sichel
BIA
A095 673 990

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

JIE CHEN,
> *Petitioner,*

    v.                       09-1612-ag
                                     NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Yee Ling Poon, New York, New York.

FOR RESPONDENT:       Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Colette J. Winston, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jie Chen, a native and citizen of the People's Republic of China, seeks review of an March 20, 2009, order of the BIA, affirming the June 28, 2007, decision of Immigration Judge ("IJ") Helen Sichel, which denied his application for asylum and withholding of removal. *In re Jie Chen*, No. A095 673 990 (B.I.A. Mar. 20, 2009), *aff'g* No. A095 673 990 (Immig. Ct. N.Y. City June 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

## I.  Asylum and Withholding of Removal

Substantial evidence supports the agency's denial of Chen's application for relief. Before the agency, Chen

2

asserted that he feared persecution under China's family planning policy. In light of the fact that Chen is unmarried, has no children, has never been forcibly sterilized, and has had no contact with China's family planning officials, the agency reasonably found his fear of persecution on this ground too speculative to be well-founded. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Moreover, the agency correctly concluded that Chen was ineligible for asylum based on the forced sterilization of his mother and aunts. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 140-41 (2d Cir. 2007) (citing *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308-09 (2d Cir. 2007)). Further, Chen has offered no evidence that family members of those who undergo forced sterilization are actually subjected to closer scrutiny by family planning officials or that they are more likely to face forced sterilization themselves. *See Jian Xing Huang,* 421 F.3d at 128-29.

Although Chen argues that due to his illegal departure, the Chinese government will impute to him an anti-government political opinion, he fails to identify any record evidence that would support such an argument. *See Yueqing Zhang v.*

3

*Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). Moreover, with respect to illegal departure claims, this Court has observed that "[t]he possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum." *Qun Yang v. McElroy*, 277 F.3d 158, 163 n.5 (2d Cir. 2002) (per curiam); *see also Matter of Sibrun*, 18 I. & N. Dec. 354, 359 (BIA 1983).

For these reasons, the agency did not err in finding that Chen failed to establish a well-founded fear of future persecution. Accordingly, the agency reasonably denied his asylum and withholding claims as they were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

**II. CAT**

Chen also challenges the agency's denial of his application for CAT relief, arguing that the background evidence in the record demonstrates that it is more likely than not that he will be tortured by Chinese government officials on account of his illegal departure from that country and by loan sharks with the acquiescence of government officials on account of his unpaid debt. We have held that an applicant cannot demonstrate that he is more

4

likely than not to be tortured "based *solely* on the fact that [he] is part of the large class of persons who have illegally departed China" and on generalized evidence indicating that torture occurs in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005); *see also Pierre v. Gonzales*, 502 F.3d 109, 118-19 (2d Cir. 2007). Here, substantial evidence supports the agency's denial of Chen's CAT claim, as Chen provided no basis for the agency to conclude that he, or someone in his "particular alleged circumstances," faces an elevated risk of torture. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk