10-3170-ag
Wang v. Holder

BIA
Weisel, IJ
A088 376 198

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of October, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

ZHANG FANG WANG,
> *Petitioner,*

> v.          10-3170-ag
>          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:     Jed S. Wasserman, Kuzmin & Associates, P.C., New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Kimberly A. Burdge, Attor-

**ney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhang Fang Wang, a native and citizen of the People's Republic of China, seeks review of a July 9, 2010, decision of the BIA affirming the September 23, 2008, decision of immigration judge ("IJ") Robert D. Weisel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhang Fang Wang*, No. A088 376 198 (B.I.A. July 9, 2010), *aff'g* No. A088 376 198 (Immig. Ct. N.Y. City Sept. 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

## I.  Family Planning Claim

Substantial evidence supports the agency's determination that Wang failed to establish his eligibility for relief based on his claim of resistance to China's family planning policy. As Wang acknowledges, the agency correctly concluded that he was not eligible for asylum solely on the basis of his wife's forced abortion. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-310 (2d Cir. 2007).  Nevertheless, even though Wang was not *per se* eligible for asylum based on his wife's forced abortion, he could still qualify for relief by demonstrating that: (1) he engaged in "other resistance" to the family planning policy; and (2) he suffered harm rising to the level of persecution or has a well-founded fear of suffering such harm as a direct result of his resistance. *See id.* at 313; 8 U.S.C. § 1101(a)(42); *Matter of J-S-*, 24 I. & N. Dec. 520, 523 (A.G. 2008).

In this case, the agency did not err in finding that Wang failed to demonstrate that he resisted the family planning policy because impregnating his wife, on its own, does not constitute other resistance, *see Shi Liang Lin*, 494 F.3d at 313 (citation omitted), and family planning officials were not aware of any of the other purported acts of resistance

asserted by Wang.  Moreover, even assuming that Wang engaged in resistance to China's family planning policy, the agency reasonably determined that he did not establish that he suffered harm rising to the level of persecution on account of that resistance because he did not allege that he personally suffered any emotional or economic harm arising from the unfortunate incidents involving family planning officials. *See Shi Liang Lin*, 494 F.3d at 309 (stating that "an individual whose spouse undergoes . . . a forced abortion or involuntary sterilization may suffer a profound emotional loss," but providing that "an individual does not *automatically* qualify for 'refugee' status on account of a coercive procedure performed on someone else" (emphasis added)); *see also Guan Shan Liao v. U.S. Dep't. of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (finding that the agency reasonably concluded that the petitioner failed to demonstrate economic persecution when he did not present any testimony or other evidence of his income in China, his net worth at the time of the fines, or any other facts that would make it possible to evaluate his personal financial circumstances in relation to the fines imposed by the government for violating family planning policies); *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (emphasizing "that persecution is an

-4-

extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citations omitted)). Thus, the agency did not err in finding that Wang failed to establish his eligibility for relief based on his claim of past persecution. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1).

Wang does not challenge the agency's determination that, independent of his past persecution claim, he failed to demonstrate a well-founded fear of persecution under the family planning policy. Accordingly, that determination stands as a valid basis for denying his application for relief insofar as it was based on Wang's family planning claims. *See* 8 C.F.R. § 1208.13(b)(2); *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

## II. Illegal Departure Claim

Contrary to Wang's contention, he did not establish his eligibility for withholding of removal or CAT relief based on his illegal departure. "[T]he possibility that the applicant may be subjected to criminal prosecution and perhaps severe punishment as a result of his illegal departure from [his home country] does not demonstrate a likelihood of persecution under the Act." *Matter of Sibrun*, 18 I. & N. Dec. 354, 359 (BIA 1983); *see also Saleh v. U.S. Dep't of Justice*, 962 F.2d

234, 239 (2d Cir. 1992) ("Punishment for violation of a generally applicable criminal law is not persecution."). Additionally, a petitioner is not "entitled to CAT protection based solely on the fact that []he is part of the large class of persons who have illegally departed China." *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (emphasis in original).

In his brief, Wang does not cite any record evidence demonstrating either that authorities would be motivated to arrest or punish him based on his illegal departure for any reason other than law enforcement or that individuals similarly situated to him have suffered torture upon removal to China. Moreover, the 2007 U.S. Department of State report in the record, "China: Profile of Asylum Claims and Country Conditions," provides that:

> The Chinese Government accepts the repatriation of citizens who have entered other countries or territories illegally. In the past several years, hundreds of Chinese illegal immigrants have been returned from the United States, and U.S. Embassy officials have been in contact with scores of them. In most cases, returnees are detained long enough once reaching China for relatives to arrange their travel home. Fines are rare. U.S. officials in China have not confirmed any cases of abuse of persons returned to China from the United States for illegal entry.

Accordingly, the record does not compel the conclusion that Wang established either a likelihood of persecution on account

of a protected ground or a likelihood of torture.  *See Saleh*, 962 F.2d at 239; *see also Mu Xiang Lin*, 432 F.3d at 160.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

<div style="margin-left: 40%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk
</div>