NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO ARRIETA VELA, | No. 20-71420 |
| Petitioner, | Agency No. A206-909-904 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2022[**]
Pasadena, California

Before: KELLY,[***] IKUTA, and CHRISTEN, Circuit Judges.

Sergio Arrieta Vela petitions for review of a Board of Immigration Appeals

(BIA) order dismissing his appeal of an immigration judge's (IJ) decision denying

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

his motion to continue proceedings and his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252.

The BIA did not err in upholding the IJ's discretionary denial of Petitioner's motion to continue as Petitioner did not meet his burden to show "good cause" to delay the filing deadline under the relevant regulations. *See* 8 C.F.R. § 1003.29. Petitioner waited until the day of the merits hearing to request additional time and could not offer a persuasive rationale explaining why he could not have obtained the requisite documentation in the preceding months, let alone provide the court notice, before the hearing date. AR 83; *Matter of Sibrun*, 18 I. & N. Dec. 354, 356–57 (BIA 1983). Likewise, the record fails to demonstrate a conceivable benefit to awaiting further resolution of Petitioner's criminal case in state court. *See* AR 130; *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 413, 419 (A.G. 2018). Petitioner's due process claim fails for a similar reason. Petitioner cannot show that the IJ's denial of a continuance resulted in prejudice because even if his pending criminal charges were eventually dropped and the 2017 I-213 was excluded as a result, other evidence in the record was sufficient to support the charge of removability. *See* AR 130, 197–98; *INS v. Lopez-Mendoza*, 468 US. 1032, 1043 (1984) ("[R]egardless of how the arrest is effected, deportation will still be possible when evidence not derived directly from the arrest is sufficient to support deportation.").

We lack jurisdiction to review the agency's dispositive judgment that Petitioner failed to demonstrate his daughter would face "exceptional and extremely unusual hardship" upon his removal. 8 U.S.C. § 1229b(b)(1)(D). Our caselaw dictating this result has long coexisted with the principle that "questions of law," reviewable under 8 U.S.C. § 1252 (a)(2)(D), "extend[] to questions involving the application of [a legal standard] to undisputed facts," *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007), as recently articulated by the Supreme Court in *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020). *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 891 (9th Cir. 2003) ("whether an alien has demonstrated the requisite hardship" is a discretionary question outside our purview). Petitioner's claim that the IJ misapplied the legal standard is a de facto abuse of discretion argument cast as a question of law and does not persuade that we have jurisdiction over the agency's determination that the facts did not demonstrate a potential for hardship beyond that which would ordinarily result from the removal of a parent. *See* 8 U.S.C. § 1252(a)(2)(B)(i).

Although the agency's order could be upheld on that ground alone, Petitioner's claim that *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), invalidate the IJ's good moral character determination for lack of an effective Notice to Appear also fails as a matter of law. *Pereira* and *Niz-Chavez* involved the parameters of the 10-year period

relevant to the continuous presence requirement under 8 U.S.C. § 1229b(b)(1)(A). Petitioner contends that the rationale of these cases applies equally to the 10-year period relevant to the good moral character determination, but a close reading of the caselaw reveals otherwise. Though 8 U.S.C. § 1229b indicates a textual relation between provisions (b)(1)(A) (continuous presence) and (b)(1)(B) (good moral character), this court has approvingly cited the BIA's decision, *In re Ortega-Cabrera*, 23 I. & N. Dec. 793 (BIA 2005), for the proposition that the 10-year period for good moral character is not coextensive with the continuous presence period and is measured backward from the date of final adjudication. *See Castillo-Cruz v. Holder*, 581 F.3d 1154, 1162 (9th Cir. 2009) (citing *In re Ortega-Cabrera*, 23 I. & N. Dec. at 797). Thus, although some tension may exist, *Pereira* and *Niz-Chavez* are not irreconcilable with *In re Ortega-Cabrera* and our circuit precedent in *Castillo-Cruz* because they do not expressly address the period pertaining to good moral character. Under *Patel v. Garland*, 142 S. Ct. 1614, 1619 (2022), our review is limited to this legal question, and we deny the petition on this alternative basis as well.

All pending motions are denied.

PETITION FOR REVIEW DISMISSED in part; DENIED in part.