Sylla v. Garland

BIA
Cassin, IJ
A079 106 370

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand twenty-three.

PRESENT:
>       JOHN M. WALKER, JR.,
>       RICHARD J. SULLIVAN,
>       SARAH A. L. MERRIAM,
>           *Circuit Judges.*

_____

ALHOUSSENY SYLLA,
>       *Petitioner,*

>       v.                                       **20-4152**
                                                 **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Victor Essien, Esq., New York, NY.

FOR RESPONDENT:          Brian M. Boynton, Acting Assistant
                         Attorney General; Sabatino F. Leo,
                         Assistant Director; Aaron D.

Nelson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Alhousseny Sylla, a native and citizen of Ivory Coast, seeks review of a November 16, 2020 decision of the BIA affirming a November 28, 2018 decision of an Immigration Judge ("IJ") denying his motion for a continuance and ordering removal. *In re Alhousseny Sylla,* No. A079-106-370 (B.I.A. Nov. 16, 2020), *aff'g* No. A079-106-370 (Immigr. Ct. N.Y.C. Nov. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings for substantial evidence and questions of law and constitutional issues *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Dale v. Barr*, 967 F.3d 133, 138 (2d Cir. 2020). "[T]he

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review an IJ's denial of a continuance for abuse of discretion. *See Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006).

"The [IJ] may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29.* "IJs are accorded wide latitude in calendar management." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ abuses her discretion in denying a continuance "if (1) [her] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) [her] decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* at 551-52 (internal quotation marks omitted).

The IJ did not abuse her discretion. Even after Sylla had been granted three continuances, he failed to demonstrate a diligent, good-faith effort to be ready to proceed at his

---

* We cite the version of the regulations in place at the time of the agency's proceedings.

November 2018 hearing as he did not produce an application for relief from removal or evidence requested by the IJ. *See Matter of Sibrun*, 18 I. & N. Dec. 354, 356 (B.I.A. 1983) (requiring "a reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed"). The IJ's consideration of the history of continuances in Sylla's case was proper. *See Morgan*, 445 F.3d at 553 ("[I]mmigration cases are not games . . . . [A]n IJ [should not] be required to[] indulge . . . attempts to introduce needless delay into what are meant to be streamlined proceedings." (internal quotation marks and citations omitted)).

Finally, to the extent Sylla argues that he was deprived of due process or received ineffective assistance of counsel, he has not demonstrated the prejudice required to state a due process claim, e.g., that he has a basis for asylum, or that he complied with the procedural requirements for an ineffective assistance of counsel claim. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly

4

attributable to the challenged process." (internal quotation marks omitted)); *Jian Yun Zheng v. U.S. Dep't of Just.*, 409 F.3d 43, 47 (2d Cir. 2005)(holding that a petitioner who fails to comply substantially with the procedural requirements for an ineffective assistance claim "forfeits" that claim in this court).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>